**Dan E. MOLDEA, Plaintiff,**

v.

**The NEW YORK TIMES COMPANY, Defendant.**

Civ. A. No. 90–2053.

United States District Court, District of Columbia.

Dec. 19, 1990.

Roger Charles Simmons, Frederick, Md., for plaintiff.

Bruce W. Sanford, Baker & Hostetler, Washington, D.C., for defendant.

MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

By Memorandum Order filed November 16, 1990, the Court denied defendant The New York Times Company's ("NYT") initial motion for a stay of discovery. This case presently comes before the Court on the NYT's Second Motion for a Stay of Discovery and for Expedited Consideration, filed on November 30, 1990 and accompanied by a motion for summary judgment. Plaintiff Dan E. Moldea ("Moldea") filed an opposition to the motion on December 11, 1990, and the NYT replied on December 13, 1990. After careful consideration of the motion, the opposition thereto, and the entire record in this case, the Court concludes that the motion should be granted.

I.

The underlying facts can be briefly set forth. Moldea is the author of *Interference: How Organized Crime Influences Professional Football ("Interference")*, which was published in July 1989. On September 3, 1989, the New York Times Book Review published a review of *Interference*. The book review was written by Gerald S. Eskenazi. Moldea filed this suit against the NYT on August 23, 1990 alleging that the book review was defamatory.

Since filing this action, the parties have engaged in limited discovery. For example, the NYT has responded to Moldea's first request for production of documents. Further deposition discovery is scheduled to proceed on December 20, 1990.

II.

The NYT moves pursuant to Federal Rule of Civil Procedure 26(c) for a stay of all discovery in this case pending a ruling on its recently filed motion for summary judgment. Under Rule 26(c), a trial court has discretion to issue protective orders upon a showing of good cause. The Court finds that the NYT has met its burden.

As grounds for the renewed motion, the NYT relies on the same arguments set forth in its earlier motion. The NYT principally argues that this case raises First Amendment interests, and that the threat to the First Amendment is sufficient good cause to stay the discovery process pending resolution of a dispositive motion. The NYT further argues that a stay would be appropriate so that it could avoid the time and expense of responding to inquiries that

will have no effect on the resolution of the forthcoming motion. In this regard, the NYT argues that the summary judgment motion is based solely on *Interference* itself and the book review. For this reason, the NYT contends that Moldea will not require any discovery to defend against the motion.

In reaching the conclusion that the motion for a stay should be granted, the Court has considered several factors. First, the Court is mindful of the significant First Amendment issues raised in this case—although this factor standing alone would not automatically entitle defendant to a stay of discovery. Second, having had an opportunity to review the motion for summary judgment, the Court is not of the view that further discovery is necessary to sustain an opposition to the motion. The gravamen of the NYT's motion for summary judgment is its argument that the Court must determine as a matter of law whether the words or phrases contained in the book review are sufficiently factual to be susceptible of being proved true or false. In this case, Moldea has not persuasively shown in its opposition to this motion that such a determination requires scrutiny beyond the challenged publication.[1] Finally, the Court anticipates that any stay entered would be brief. A dispositive motion is currently pending, and a response is required to be filed on or before January 4, 1991.

For the foregoing reasons, the second motion to stay *all* discovery will be granted.

Thus, it is hereby

ORDERED that defendant's request for expedited consideration is granted; and it is further

ORDERED that defendant's second motion for a stay of discovery is granted.

---

**1.** Of course, this ruling does not foreclose Moldea from filing a Rule 56(f) response to the motion for summary judgment.